UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Frank S. Brasza,

       Petitioner,

  v.

J.S. Walton,
Acting Warden,

       Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 05-2654 ADM/RLE

---

Frank S. Brasza, *pro se*.

David M. Genrich, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Respondent Bureau of Prisons' ("Respondent" or "BOP") Objections [Docket No. 12] to Sections D and E of Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") [Docket No.11] granting Frank Brasza's ("Petitioner" or "Brasza") Petition for Writ of Habeas Corpus ("Petition") [Docket No.1]. Magistrate Judge Erickson recommends the BOP make an individualized good faith determination regarding Brasza's eligibility for Community Corrections Center ("CCC") placement considering the factors of 18 U.S.C. § 3621(b), and without regard to BOP regulations 28 C.F.R. §§ 570.20 and .21 ("2005 Regulations"). Magistrate Judge Erickson determined that the 2005 Regulations, which interpret and implement 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c), are invalid.

Subsequent to the issuance of the R&R and the filing of Respondent's Objections, the Eighth Circuit decided this issue in <u>Fults v. Sanders</u>, ___ F.3d ___, 2006 WL 870745 (8th Cir. 2006), agreeing that the BOP regulations are in violation of 18 U.S.C. § 3621(b).  Consequently, the BOP's Objections are overruled, and the R&R is adopted for the reasons stated below.  The procedural and factual background described in the R&R is incorporated by reference for review of the present objections.

## II. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  <u>Id.</u>

In this case, the BOP objects to Magistrate Judge Erickson's invalidation of the 2005 Regulations in two distinct ways.  Objections at 2, 6.  First, the BOP argues that the 2005 Regulations do in fact take into consideration the factors detailed in § 3621(b) because the BOP carefully considered all of the statutorily specified factors when promulgating the 2005 Regulations.  Objections at 3.  Additionally, pursuant to the 2005 Regulations, the BOP continues to consider the statutory factors when making individualized placement decisions.  Objections at 5.  Second, the BOP argues its interpretation of 18 U.S.C. §§ 3621(b) and 3624(c) is entitled to substantial deference under <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984). Objections at 6.

After the Court took this matter under advisement, the Eighth Circuit issued its decision

in Fults. In its Objections, the BOP acknowledged that Fults controls the decision in this case, stating that its Objections are submitted "for the purposes of preserving its position—that the February 2005 rules are valid—until disposition of Fults v. Sanders . . . [which] addresses the same issue raised herein." Objections at 1-2. In Fults, the Eighth Circuit, addressing arguments nearly identical to the Objections raised by the BOP in this case, affirmed the district court's invalidation of the 2005 Regulations on the basis that they conflict with § 3621(b). Fults, 2006 WL 8707845 at *1. Specifically, the Eighth Circuit rejected the BOP's argument that § 3621(b) provides the BOP with discretion to consider the enumerated factors, but not the duty to do so. Id. at *3. The Eighth Circuit reasoned that § 3621(b)'s language requiring BOP placement decisions to be made "considering" the five factors "implies that the BOP must consider all of the factors that follow. This implication is bolstered by the statute's legislative history as discussed in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 245-46 (3d Cir. 2005)." Id. The Eighth Circuit also rejected the BOP's argument that it considered all of the factors in making its categorical exercise of discretion. Id. at *4. Because three of the five factors enumerated in § 3621(b) "relate to an inmate's individual circumstances," the BOP could not possibly satisfy the statutory language requiring that its placement decisions be made "considering" all five enumerated statutory factors when it promulgated the regulations. Id.

Similarly, the Eighth Circuit dismissed the BOP's argument that its 2005 Regulations are entitled to substantial deference under Chevron. Id. at *2. The Eighth Circuit reasoned that "[a]lthough an agency's interpretation of a statute that it is entrusted to administer is generally entitled to [Chevron] deference, if the intent of Congress is clear, there is no need to defer to the agency's interpretation." Id. The Eighth Circuit further

held the 2005 Regulations interpreting § 3621(b) were contrary to "the statute's unambiguous language." Id.

Because Fults controls the outcome of this case, the Court overrules the BOP's Objections, adopts Judge Erickson's R&R, and grants Brasza's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Because the BOP is "uniquely qualified to make decisions [regarding CCC placement] in the first instance," the Court does not order Brasza's immediate transfer to a CCC, but rather orders the BOP to make a good faith determination regarding Petitioner's eligibility for CCC placement according to the factors enumerated in § 3621(b), and without regard to 28 C.F.R. §§ 570.20 and .21. R&R at 28, citing Hosna v. Groose, 80 F.3d 298, 303 (8th Cir. 1996) ("[F]ederal courts ought to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile [prison] environment," and "[s]uch flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life," in order that the courts do not "micro-manage" prisons.).

## III. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent's Objections [Docket No. 12] are **OVERRULED**;

2. The R&R [Docket No. 11] is **ADOPTED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No.1] is **GRANTED**; and

4. Respondent is directed to reconsider the date when Petitioner should be assigned to a CCC, in light of the criteria set forth in Title 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 1, 2006.